UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                              )
                                    )          Chapter 7
WOJCIECH STANISLAW TARNOWSKI,       )
DANUTA GIEDRYS-TARNOWSKI,           )          Bankruptcy No. 08-02262
                                    )
     Debtors.                       )


### ORDER RE: REAFFIRMATION AGREEMENT (Doc. 17)

This matter came before the undersigned on January 29, 2009 for approval of the Reaffirmation Agreement between Debtors and BMW Financial Services NA, LLC (Doc. 17).  Debtors Wojciech Stanislaw Tarnowski and Danuta Giedrys-Tarnowski were represented by attorney Rush M. Shortley.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

### STATEMENT OF FACTS

Under a Reaffirmation Agreement with BMW filed December 29, 2008, Debtors seek to reaffirm a debt in the amount of $27,442.54 with 4.90% interest and 60 monthly payments of $557.43.  The debt is secured by a 2005 BMW 330i.  Debtors' Schedules I and J show a monthly deficit of $2,180.42, which includes payments on this debt.

Debtors state that their financial position will improve after discharge.  They presented the Court with a letter from Thrivent Financial for Lutherans ("Thrivent") stating that it has offered Mrs. Tarnowski a job as a financial services representative with potential monthly income "as high as" $3,000 to $4,000.  The job offer is subject to her receiving a bankruptcy discharge.  Debtors contend that the additional income from Mrs. Tarnowski's new job will cover their current expenses and the BMW car payments.  Furthermore, Debtors state that the BMW is necessary because Mrs. Tarnowski's prospective job requires her to travel to her clients' homes.

### CONCLUSIONS OF LAW

Section 524(c) allows a debtor to reaffirm debt that would otherwise be dischargeable unless reaffirmation would pose an undue hardship on the debtor. In re Chim, 381 B.R. 191, 195 (Bankr. D. Md. 2008).  The Bankruptcy Code includes provisions aimed at ensuring "that debtors do not fall victim to coercive and deceptive actions by creditors and to make sure that debtors

understand the consequences of entering into such agreements." In re Schmidt, 397 B.R. 481, 482 (Bankr. W.D. Mo. 2008) (citations omitted). These include disclosures relating to the legal ramifications of reaffirmations. See 11 U.S.C. § 524(k).

If the debtor is not represented by an attorney, the court must hold a hearing to inform the debtor that the reaffirmation agreement is not required and describe the legal consequences of reaffirming debt. 11 U.S.C. § 524(d). The court may also deny a reaffirmation agreement if it concludes that reaffirmation is not in the best interests of the debtor or poses an undue hardship. 11 U.S.C. § 524(c)(6).

If the debtor is represented by an attorney, the debtor's attorney is required to sign a declaration stating that (1) the debtor was informed and entered the agreement voluntarily; (2) the debt does not impose an undue hardship; and (3) the attorney has explained the consequences of the reaffirmation and the effect of default. 11 U.S.C. § 524(c)(3). Bankruptcy courts have a duty to review reaffirmation agreements, even when the debtor's attorney confirms that the debtor is capable of paying the reaffirmed debt. In re Miller, No. 07-00581, 2007 WL 2413012, at *1 (Bankr. N.D. Iowa Aug, 20, 2007), citing In re Melendez, 224 B.R. 252, 260 (Bankr. D. Mass. 1998).

The Bankruptcy Code requires a hearing and court approval if the monthly payments on the reaffirmed debt exceed the debtor's net monthly income. 11 U.S.C. § 524(m)(1). In these circumstances, under the Code, a presumption exists that the reaffirmation agreement imposes an undue hardship. Id. The debtor may rebut this presumption, in writing, by identifying alternative sources of income to the satisfaction of the court. Id.

The debtor cannot rely on speculative income to pay for the reaffirmed debt such as potential raises, tax refunds or additional work hours. See Schmidt, 397 B.R. at 485 (expectation of tax refund not sufficient to rebut presumption); In re Stillwell, 348 B.R. 578 (Bankr. N.D. Okla. 2006) (intention to work overtime was speculative where no evidence was presented that husband's current business had overtime available); In re Husain, 364 B.R. 211 (Bankr. E.D. Va. 2007) (expectation of additional hours and a pay raise not sufficient to overcome presumption). The debtor cannot overcome the presumption of undue hardship merely by showing that he needs a vehicle. In re Stevens, 365 B.R. 610, 612 (Bankr. E.D. Va. 2007).

Courts "should not be in the business of approving reaffirmation agreements where the debt is something the Debtor cannot afford." Stillwell, 348 B.R. at 582. Several courts have rejected reaffirmation agreements when the debtor failed to show that additional income is available to pay both existing monthly expenses and the reaffirmed debt. In re Payton, 338 B.R. 899, 904 (Bankr. D.N.M. 2006) (denying reaffirmation after finding that the debtor would be "underwater" by $314 per month); Husain, 364 B.R. at 217 (finding additional income insufficient to overcome presumption when the debtor would still have a deficit of $3,000 per month).

**ANALYSIS**

Debtors' monthly expenses exceed their monthly income by $2,180.42. Debtors contend that income from Mrs. Tarnowski's anticipated job will allow them to pay current expenses and make the BMW payments. Numerous factors, however, are troublesome to the Court.

First, Mrs. Tarnowski's salary is not fixed. The letter from Thrivent states that her "income potential could be as high as $3,000-$4,000." Mrs. Tarnowski admitted that at least part of her salary would be based on commissions. Considering current economic conditions, any estimate of her future income is largely conjecture.

Second, the new position with Thrivent could impose additional financial burdens that Debtors have not included in their Schedule J. The position requires regular travel in a 35-mile radius around Cedar Rapids which will likely increase Debtors' expenditures for gas, insurance and vehicle maintenance. Taking into account payroll taxes and additional expenditures, Debtors' expenses may well continue to exceed their income.

Finally, Debtors' claim that the car is necessary and there is no alternative to reaffirmation of this debt is not persuasive. Although an automobile may be necessary for future employment, there is no showing made that a luxury car is required. Debtors further claim that they will not be able to find another car due to their bankruptcy. However, Debtors have not made an attempt to purchase another vehicle since before filing their Chapter 7 petition. They have not shown this Court that they have exhausted less expensive alternatives than reaffirming the debt on a luxury vehicle.

**SUMMARY**

As Debtors' expenses exceed their income, they must rebut the presumption that the Reaffirmation Agreement imposes an undue hardship on them. The record fails to establish that Mrs. Tarnowski's new position would provide stable, sufficient income to pay for Debtors' current expenses plus the reaffirmed debt. Also, Debtors have not demonstrated the need for a luxury vehicle or that they have explored less expensive options. Debtors have not overcome the presumption of undue hardship and this Court cannot approve this Reaffirmation Agreement.

**WHEREFORE**, approval of the Reaffirmation Agreement between Debtors and BMW Financial Services NA, LLC is DENIED.

DATED AND ENTERED:

February 11, 2009

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

40/1